# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED RASMUSSEN, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FOX CORPORATION, a Delaware corporation; FOX CABLE NETWORK SERVICES, LLC, a Delaware company; CHRISTOPHER GANNY, an individual; GREGORY OCHOTORENA, an individual; DIIJON WILLIAMS, an individual; ANNA DRUKER, an individual; and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-08115-SPG-PVC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 17]** |

　　Before the Court is the Motion to Remand (ECF No. 17 ("Motion")) filed by Plaintiff Jared Rasmussen ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

## I. BACKGROUND

The following allegations are taken from Plaintiff's Complaint. (ECF No. 1-1 ("Complaint")). Plaintiff was employed by Defendants Fox Corporation and Fox Cable Network Services, LLC (the "Fox Defendants") beginning in September 2017. (*Id.* ¶ 15). Defendants Christopher Ganny, Gregory Ochotorena, Diijon Williams, and Anna Druker (the "Individual Defendants," or, together with Fox, "Defendants") are officers at Fox who all reside in California. (*Id.* ¶¶ 6-9).

In brief, Plaintiff alleges that Defendants retaliated against him for raising complaints about his supervisor involving misappropriation of company funds and sexual assault of another employee. (*Id.* ¶ 20). Plaintiff also alleges that he was injured in the course of his job duties and that Defendants failed to provide reasonable accommodations. (*Id.* ¶ 30). Plaintiff was ultimately terminated on July 21, 2023. (*Id.* ¶ 53). He alleges his termination was based on a pretextual investigation into expense reports that he submitted for a work trip. (*Id.*).

Plaintiff brought this action alleging claims of disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), failure to engage in the interactive process in violation of FEHA, failure to accommodate in violation of FEHA, whistleblower retaliation, negligent hiring, and wrongful termination against the Fox Defendants. (*Id.* at 14-21). Plaintiff also brought claims for intentional and negligent infliction of emotional distress against all Defendants. (*Id.* at 21-22). As relief, Plaintiff seeks damages in excess of $15,000,000, in addition to punitive damages and civil penalties. (*Id.* at 23).

Plaintiff initiated this action in Los Angeles County Superior Court on August 27, 2025. (*Id.* at 2). The Fox Defendants removed the case to this Court on the same day, before Plaintiff had served any of the Defendants. (ECF No. 1). Plaintiff ultimately served the Individual Defendants on October 7, 2025. (ECF Nos. 20, 21, 22, 23). Plaintiff filed the instant Motion on September 26, 2025, arguing that the Fox Defendants improperly removed this case in violation of the forum defendant rule. (Mot.). The Fox Defendants filed an opposition on October 15, 2025, (ECF No. 25 ("Opposition")), along with a request

for judicial notice, (ECF No. 26 ("RJN")). Plaintiff replied in support of the Motion on October 22, 2025. (ECF No. 28 ("Reply")). The Individual Defendants have not participated in briefing on this Motion.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citation omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d

1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, the Fox Defendants request that the Court take judicial notice of two documents: (1) a "Charge of Discrimination" filed by Plaintiff on October 6, 2023, with the Equal Employment Opportunity Commission and the New York State Division of Human Rights; and (2) a complaint filed by Plaintiff in the New York State Supreme Court on July 22, 2024. (RJN at 2). Plaintiff has not opposed the request for judicial notice.

Judicial notice under Federal Rule of Evidence 201 authorizes courts to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (internal quotation marks and citation omitted). A court, however, may not "take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The Court may take judicial notice of the requested documents as public records, whose veracity can be readily determined. The Fox Defendants cite to these documents to show that Plaintiff previously stated that he is a citizen of Washington and that his previous complaint asserted similar claims to the instant Complaint but did not name the Individual Defendants. *See* (Opp. at 9, 11). Plaintiff does not dispute these assertions. Accordingly, the Court will assume that these facts are undisputed and will take notice of the fact that Plaintiff is domiciled in Washington and that he previously asserted similar claims in New York state court without including the Individual Defendants.

### B. Motion to Remand

Turning to the Motion, Plaintiff argues that removal of this action is barred by the "forum defendant rule" because all the Individual Defendants are citizens of California. (Mot. at 8). Under the forum defendant rule, a "civil action otherwise removeable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Plaintiff argues that the Fox Defendants' "snap removal" of this case before service on the Individual Defendants was improper and should not defeat the application of the forum defendant rule. (Mot. at 11-19).

In their Opposition, the Fox Defendants argue that, because this case was removed before service, the Individual Defendants were not "properly joined and served as defendants" prior to removal, such that the forum defendant rule does not apply. (Opp. at 16-23). Alternatively, the Fox Defendants argue that the Individual Defendants have been fraudulently joined, such that their citizenship should be discounted in assessing removal jurisdiction. (*Id.* at 12-16). Specifically, the Fox Defendants argue that the claims against the Individual Defendants are barred by the statute of limitations; that the claims are preempted by the California Workers' Compensation Act; and that the claims are meritless. (*Id.*).

As detailed below, the Court agrees with the Fox Defendants that the claims against the Individual Defendants are barred by the statute of limitations. Excluding the Individual Defendants from the jurisdictional calculation, removal of this action was proper. In so concluding, the Court does not reach the parties' other arguments about fraudulent joinder or snap removal.

1. Fraudulent Joinder

Under the doctrine of fraudulent joinder, "courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 548. A defendant may establish fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Under the second approach, a removing defendant must show not only that the plaintiff has failed to state a claim but also that the "failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "A defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548 (internal quotation marks, citation, and alterations omitted).

As an initial matter, while neither party raises any argument to this effect, the Court notes that there is some disagreement among district courts as to the applicability of the fraudulent joinder doctrine to situations, like this one, where the presence of a defendant "triggers the forum defendant rule but does not compromise the parties' complete diversity."[1] *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (noting that "[t]he few district courts that have decided the issue are split" and stating that "[i]t does not appear that any court of appeals has answered this question"). Notwithstanding the contrary position taken by some district courts, the Court is of the opinion that the doctrine is applicable in these circumstances for two reasons. First, the plain language of the forum defendant rule states that it applies only where "any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28

---

[1] Based on the Parties' representations, Plaintiff is a Washington citizen, the Individual Defendants are California citizens, and the Fox Defendants are Delaware corporations with their principal place of business in New York. There is therefore complete diversity of citizenship regardless of whether the Individual Defendants are included in the calculus.

U.S.C. § 1441(b)(2) (emphasis added).  If a defendant has been fraudulently joined such that "there is no possibility that a state court would find that the complaint states a cause of action against a particular defendant, then that defendant should not be considered to have been 'properly joined'" within the meaning of § 1441(b)(2).  *Ekeya v. Shriners Hosp. for Children, Portland*, 258 F. Supp. 3d 1192, 1200-01 (D. Or. 2017); *see also Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (stating in dicta that the court had "serious doubt" that a fraudulently joined defendant "could be considered a 'part[y] in interest properly joined' as a defendant").  Second, applying the fraudulent joinder doctrine here is consistent with the purpose of diversity jurisdiction and the forum defendant rule.  As the Ninth Circuit has explained, the purpose of the forum defendant rule is tied to the purpose of diversity jurisdiction, which is to "protect out-of-state defendants from possible prejudices in state court." *Lively*, 456 F.3d at 940.  Where a defendant is a resident of the forum state, "the need for such protection is absent," and the "forum defendant rule allows the plaintiff to regain some control over forum selection." *Id.*  Conversely, where the forum defendant is fraudulently joined, such that they are all but certain to be dismissed from the action, remanding to state court would leave the remaining out-of-state defendants as the only defendants for purposes of trial—"the precise risk of prejudice that removal was intended to prevent." *Ekeya*, 258 F. Supp. 3d at 1199.  Accordingly, the Court concludes that the fraudulent joinder doctrine creates an exception to the forum defendant rule.

Turning now to the parties' arguments, the Fox Defendants raise, among other arguments, the contention that Plaintiff's claims against the Individual Defendants are barred by the statute of limitations.  (Opp. at 13).  The Ninth Circuit has held that the doctrine of fraudulent joinder is applicable "where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare, LLC*, 889 F.3d at 548.  For example, in *Ritchey v. Upjohn Drug Co.*, the plaintiff asserted claims against a diverse corporate defendant and two non-diverse individual defendants employed by the corporation, and the corporate defendant removed the action to federal court.  139 F.3d 1313, 1315 (9th Cir. 1998).  On appeal from the district court's

-7-

denial of a motion to remand and subsequent dismissal of the action as time-barred, the Ninth Circuit held that, because the action was brought outside the statute of limitations, "under California law no cause of action was stated" against the individual defendants. *Id.* at 1320. "That being so," the Ninth Circuit concluded that the individual defendants "were fraudulently joined for diversity and removal purposes" and the denial of remand was proper. *Id.*

The same is true here. Under California law,[2] "a cause of action accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005) (internal quotation marks and citation omitted). Here, Plaintiff's only claims against the Individual Defendants are for intentional infliction of emotional distress and negligent infliction of emotional distress, (Compl. at 21-23), both of which are governed by a two-year statute of limitations. *See* Cal. Code Civ. Proc. § 335.1 (two-year statute of limitations for claims based on "injury to . . . an individual caused by the wrongful act or neglect of another"); *see also Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 852-53 (2018) ("Intentional infliction of emotional distress has a two-year statute of limitations."); *Miller v. Bank of Am., Nat'l Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012) ("In California, intentional and negligent infliction of emotional distress claims have a two-year statute of limitations.").

The most recent event identified in the Complaint is the July 21, 2023, termination of Plaintiff. (Compl. ¶ 53). Plaintiff does not allege that he had any further contact with the Individual Defendants following his termination that could form the basis for his tort claims. By this date, Plaintiff's claims against the Individual Defendants must have accrued because all alleged wrongdoing occurred before that date, causing harm that occurred on that date. In other words, the claims were complete with all of their "elements" because Plaintiff had already suffered the requisite "generic elements of wrongdoing,

---

[2] State law supplies the applicable statute of limitations for "a federal diversity action brought under state law." *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987).

causation, and harm" as of July 21, 2023. *Fox*, 35 Cal. 4th at 807 (internal quotation marks and citation omitted). Plaintiff did not initiate this action until August 27, 2025—more than two years after the accrual of these claims. Therefore, Plaintiff's claims against the Individual Defendants are barred by the statute of limitations unless an exception applies.

"To align the actual application of the limitations defense more closely with the policy goals animating it," California courts have recognized various equitable exceptions to the statute of limitations. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). The "most important" of these exceptions is the "discovery rule," which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* (internal quotation marks and citation omitted). While the party asserting a statute of limitations defense "bears the initial burden of proving" the defense, "[t]hereafter, the burden shifts to [the opposing party] to demonstrate his claims survive based on one or more nonstatutory exceptions to the basic limitations period." *Id.* at 1197.

Plaintiff has made no attempt to invoke any of the recognized exceptions to the statute of limitations, nor do any exceptions appear applicable from the record. The discovery rule, for example, does not appear applicable because Plaintiff "ha[d] reason at least to suspect a factual basis" for his claims at the time of his termination. *Fox*, 35 Cal. 4th at 807 (citation omitted). The discovery rule charges plaintiffs with "presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." *Id.* at 808 (internal quotation marks, citation, and alterations omitted). Given that Plaintiff's claims are based on his personal interactions with the Individual Defendants culminating in his termination, he had more than sufficient opportunity to learn of the basis for his claims within the two-year statute of limitations. Ultimately, under California law, Plaintiff bears the burden of demonstrating that an exception to the statute of limitations applies. Because this action was brought after the statute of limitations period, and because Plaintiff has failed to identify any basis on which a court could find the statute of limitations was tolled, Plaintiff's failure to state a claim against the Individual

Defendants is "obvious according to the settled rules of the state." *Hamilton Materials, Inc.*, 494 F.3d at 1206; *see Ritchey*, 139 F.3d at 1320 (concluding that "no cause of action was stated" where statute of limitations had "clearly run").

Instead of arguing for an applicable exception, Plaintiff argues that it is improper for the Court to determine the applicability of the statute of limitations defense at this stage. (Reply at 6). However, this argument is contrary to Ninth Circuit case law, which has repeatedly recognized that the statute of limitations may properly be raised as part of a fraudulent joinder argument in opposition to a motion to remand. *See, e.g.*, *Grancare, LLC*, 889 F.3d at 548; *Hunter*, 582 F.3d at 1045; *Hamilton Materials*, 494 F.3d at 1206; *Ritchey*, 139 F.3d at 1318-20; *Herriot v. Sanofi-Aventis U.S. LLC*, 776 F. App'x 448, 449 (9th Cir. 2019). The Ninth Circuit has specifically distinguished between a statute of limitations defense and other affirmative defenses, such as an implied preemption defense, that would "require[] a searching inquiry into the merits of the plaintiff's case." *Grancare, LLC*, 889 F.3d at 548-49. As the *Ritchey* court explained, "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318. This is consistent with the general principle that "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Morris v. Princess Cruise, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). Accordingly, the Court may properly assess the statute of limitations defense on the record here.

For the reasons discussed above, the Court concludes that Plaintiff's claims against the Individual Defendants are barred by the statute of limitations. Under such circumstances, the Individual Defendants are deemed "sham defendants for purposes of removal," and their citizenship must be discounted. *Ritchey*, 139 F.3d at 1320. Setting

aside the Individual Defendants, Plaintiff cannot show any violation of the forum defendant rule.[3] Accordingly, the Court DENIES the Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion. Consistent with the Court's prior orders granting the Parties' stipulations, (ECF Nos. 14, 27), Defendants' deadline to move, plead, or otherwise respond to Plaintiff's Complaint will be thirty (30) days after the entry of this Order.

**IT IS SO ORDERED.**

DATED: November 21, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[3] In the context of his arguments about snap removal, Plaintiff also argues that removal was procedurally defective, in violation of 28 U.S.C. § 1446(b)(1), because it occurred before service. (Mot. at 16-19). To the extent that the Court needs to reach this argument, the Court disagrees that removal was procedurally improper on this basis. *See Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1079 (9th Cir. 2024) ("The plain text of § 1446(b)(1) sets a deadline for removal, not a 'window' for removal. Nothing in the statute's text can be construed as barring a defendant from filing a notice of removal before formal service."). In so concluding, the Court does not decide the merits of the parties' other arguments about snap removal or the Fox Defendants' other arguments as to fraudulent joinder.